IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:09-CR-30-H
No. 7:12-CV-88-H

BRAD CORTEZ HAMILTON,
    Petitioner,

v.

UNITED STATES OF AMERICA,
    Respondent.

**ORDER**

This matter is before the court on the government's motion to dismiss [D.E. #57] in response to petitioner's motion to vacate pursuant to 28 U.S.C. § 2255 [D.E. ##54]. Petitioner has filed an amended response, [D.E. #66], and the government has filed a reply, [D.E. #70]. Petitioner has also filed motions to amend his motion to vacate pursuant to 28 U.S.C. § 2255. [D.E. ##65, and 68]. These matters are ripe for adjudication.

### BACKGROUND

On July 9, 2009, petitioner pled guilty, pursuant to a written plea agreement, to one count of possessing a firearm by a felon in violation of 18 U.S.C. § 922(g). [D.E. ##21 and 23]. On July 14, 2010, the court sentenced petitioner to a term of imprisonment of 100 months. [D.E. #47]. Judgment was entered on July 19, 2010. [D.E. #48]. Petitioner did not appeal; therefore, his judgment became final on "the date upon which [petitioner]

declined to pursue further direct appellate review." United States v. Sanders, 247 F.3d 139, 142 (4th Cir. 2001).

On April 9, 2012, petitioner filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255. In his motion, petitioner claims: (1) he is actually innocent of an 18 U.S.C. § 924 conviction;[1] (2) his trial counsels were ineffective due to an alleged failure to file pre-trial motions; (3) his trial counsels were ineffective due to an alleged failure to advise him of a potential defense; and (4) this court lacked subject matter jurisdiction to impose a sentence pursuant to an 18 U.S.C. § 924 conviction.[2] Petitioner filed motions to amend on May 9, 2013, and February 7, 2014.

## PETITIONER'S MOTIONS TO AMEND

This court has reviewed petitioner's motions to amend, [D.E. ##65 and 68], along with the proposed amendments and hereby GRANTS petitioner's motions to amend and incorporates the amendments into his motion to vacate pursuant to 28 U.S.C. § 2255.

---

[1] Petitioner was not convicted of an offense under 18 U.S.C. § 924 in the instant case. Inasmuch as plaintiff intended to state he was actually innocent of the 18 U.S.C. § 922(g) offense for which he was convicted because he was not a felon at the time of the offense, plaintiff's claim fails because he was in fact previously convicted of involuntary manslaughter and sentenced to a term of imprisonment of 20 to 24 months. Any claim of ineffective assistance of counsel to present a successful defense, however, if any, to the charge must be timely filed in a 28 U.S.C. § 2255 motion. Petitioner's motion is untimely for the reasons stated infra.

[2] See Note 1 supra.

2

## COURT'S DISCUSSION

Title 28 U.S.C. § 2255 imposes a one-year statute of limitations on actions filed pursuant to that section. The pertinent text of 28 U.S.C. § 2255 provides that:

> A 1-year limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of diligence.

28 U.S.C. § 2255(f).

Petitioner's 28 U.S.C. § 2255 motion was not filed within one year of his judgment becoming final. Therefore, petitioner's motion was not filed within the statutory period set forth in section 2255(f)(1). Petitioner contends that the recent decision by the United States Court of Appeals for the Fourth Circuit, United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en

3

banc), provides a sufficient basis to extend the limitations period pursuant to 28 U.S.C. § 2255(f)(3)-(4). Although relief pursuant to Simmons has been held to be retroactively available, see Miller v. United States, 735 F.3d 141, 145, 146 (4th Cir. 2013), it is not a Supreme Court decision and is therefore insufficient to support an extension of the limitations period pursuant to 28 U.S.C. § 2255(f)(3). See Whiteside v. United States, 775 F.3d 180, 184 (4th Cir. 2014) (en banc).

Petitioner also contends that a Supreme Court decision, Carachuri-Rosendo v. Holder, 560 U.S. 563 (2010), is retroactively applicable on collateral review and warrants an extension of the limitations period under 28 U.S.C. § 2255(f)(3). Contrary to petitioner's contention, however, the Supreme Court's decision in Carachuri-Rosendo was not made retroactive, see United States v. Powell, 691 F.3d 554, 560 (4th Cir. 2012), and cannot therefore justify an extension of the limitations period under 28 U.S.C. § 2255(f)(3).

Lastly, a subsequent change in legal precedent does not qualify as a new "fact" for purposes of a defendant's motion to vacate. Whiteside, 775 F.3d at 183-84. Accordingly, futility alone due to unfavorable precedent cannot serve as cause for a procedural default or justify equitable tolling. Id. at 185. Consequently, petitioner has not alleged sufficient facts to warrant an extension of the limitations period pursuant to 28

4

U.S.C. § 2255(f)(3) or justify equitable tolling. Petitioner's 28 U.S.C. § 2255 motion is untimely and is therefore DISMISSED.

**CONCLUSION**

For the foregoing reasons, petitioner's motions to amend his motion to vacate are GRANTED, [D.E. ##65 and 68], the government's motion to dismiss [D.E. #57] is GRANTED, and petitioner's motion to vacate pursuant to 28 U.S.C. § 2255 [D.E. #54] is DISMISSED. The clerk is directed to close this case.

A certificate of appealability shall not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that an assessment of the constitutional claims is debatable and that any dispositive procedural ruling dismissing such claims is likewise debatable. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir. 2001). A reasonable jurist would not find this Court's dismissal of petitioner's § 2255 motion debatable. Therefore, a certificate of appealability is DENIED.

This 24th day of June 2015.

Malcolm J. Howard
Senior United States District Judge

At Greenville, NC
#34